```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ERIC BORG,
                                            08 Civ. 5913 (RJH)
                    Plaintiff,

        -against-                           COMPLAINT

86TH & 3RD OWNER, LLC, BOVIS LEND LEASE     Plaintiff Demands Trial
LMB, INC., and DEL SAVIO CONSTRUCTION       by Jury
CORP.,
                                            ECF CASE
                    Defendants.
---------------------------------------X
```

Plaintiff, by his attorneys, BARASCH McGARRY SALZMAN & PENSON, respectfully alleges upon information and belief and at all times hereinafter mentioned:

## JURISDICTION

1. Plaintiff is a citizen of the State of New Jersey, residing in Middlesex County.

2. Defendant 86th & 3rd OWNER, LLC. ("86th & 3rd") is a limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

3. Defendant, BOVIS LEND LEASE LMB, INC. ("BOVIS") is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. Defendant, DEL SAVIO CONSTRUCTION CORP. ("DEL SAVIO CONSTRUCTION") is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a).

## FIRST CAUSE OF ACTION

7. On or about November 27, 2007, defendant 86th & 3rd owned the premises known as 1511 Third Avenue a/k/a 205 East 85th Street and/or 200 East 86th Street, New York, New York (hereinafter "subject premises").

8. On or about November 27, 2007, and prior thereto, defendant Bovis was the general contractor in charge of the construction of a building at the subject premises.

9. On or about November 27, 2007, and prior thereto, defendant Del Savio was a contractor performing masonry work in connection with the construction of a building at the subject premises.

10. Defendant Bovis was retained to perform construction, labor and services at the subject premises.

11. Defendant 86th & 3rd retained defendant Bovis to work at the subject premises.

12. Defendant Bovis was retained pursuant to a written contract.

13. The contract between defendants Bovis and 86th & 3rd required Bovis to provide construction, labor, materials, and services as the general contractor in connection with the erection of a building at the subject premises.

14. Defendant Del Savio was retained to perform construction, labor and services at the subject premises.

15. Defendant 86th & 3rd and/or defendant Bovis retained defendant Del Savio to work at the subject premises.

16. Defendant Del Savio was retained pursuant to a written contract.

17. The contract between defendant Del Savio and defendant Bovis and/or defendant 86th & 3rd required Del Savio to provide construction, labor, materials, and services in connection with the erection of a building at the subject premises.

18. On or about November 27, 2007, defendants Bovis and Del Savio Construction performed construction work at the subject premises.

19. On or about November 27, 2007, the plaintiff was employed as a laborer at the subject premises by North Side Structures, Inc., a subcontractor.

20. Defendant 86th & 3rd and/or defendant Bovis hired North Side to perform construction, labor and services in connection with the erection of a building at the subject premises.

21. On or about November 27, 2007, the plaintiff was performing construction work at the subject premises in connection with the erection of a building.

22. On or about November 27, 2007, a brick/cinder block fell at the work site and hit plaintiff on the head.

23. Plaintiff's accident was due solely to the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees in the ownership, operation, management, control, maintenance, supervision, inspection and repair of the subject premises and aforementioned construction, and through no fault or lack of care on his part.

24. This accident occurred because of defendants' failure to adequately store and secure the brick/cinder block that struck plaintiff.

25. This accident occurred because defendants failed to take adequate measures to protect workers, like plaintiff, working in the area into which the brick fell.

26. The brick/cinder block fell from the edge of a floor several stories above, or from a hanging scaffold being used to perform construction on the building's exterior.

27. Defendants failed to provide plaintiff, and other workers below the hanging scaffold, with adequate overhead protection.

28. Defendants failed to secure and arrange the hanging scaffold and its load so as to prevent the brick/cinder block from falling and striking plaintiff.

29. Defendants had a duty to provide plaintiff with a safe work place.

30. Defendants had a non-delegable duty to keep the work

site safe and free from recognized hazards.

31.   Defendants had a duty to provide plaintiff, and other construction workers beneath the hanging scaffold, with overhead protection against falling objects.

32.   Defendants had a duty to properly secure the bricks/cinder blocks while hoisting them for use on the floors above the area where plaintiff's accident occurred.

33.   Defendants had a duty to erect and place the aforementioned scaffold so as to prevent bricks from falling onto workers beneath the hanging scaffold.

34.   Plaintiff sustained serious and permanent personal injuries, was incapacitated from his usual vocation and avocation, and was caused to undergo medical care and attention.

35.   As a result, plaintiff has been damaged in a sum exceeding $75,000, exclusive of costs and interest, and to be determined at trial.

### SECOND CAUSE OF ACTION

36.   Plaintiff repeats each and every allegation contained in the First Cause of Action with the same force and effect as though herein set forth at length.

37. On or about November 27, 2007, there existed, in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

38.   By reason of their negligence, defendants violated

Section 200 of the Labor Law of the State of New York.

39. As a result, plaintiff has been damaged in a sum exceeding $75,000, exclusive of costs and interest, and to be determined at trial.

### THIRD CAUSE OF ACTION

40. Plaintiff repeats each and every allegation contained in the First and Second Causes of Action with the same force and effect as though herein set forth at length.

41. On or about November 27, 2007, there existed, in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York.

42. By reason of their negligence, defendants violated Section 240 of the Labor Law of the State of New York.

43. As a result, plaintiff has been damaged in a sum, exceeding $75,000, exclusive of costs and interest, and to be determined at trial.

### FOURTH CAUSE OF ACTION

44. Plaintiff repeats each and every allegation contained in the First, Second and Third Causes of Action with the same force and effect as though herein set forth at length.

45. On or about November 27, 2007, there existed, in full force and effect, within the State of New York, Section 241(6) of the Labor Law of the State of New York.

46. By failing to provide plaintiff with adequate overhead

protection, defendants violated the Industrial Code of the State of New York, 12 N.Y.C.R.R. §23-1.7(a)(1).

47. By failing to properly place or store the brick/cinder block that struck plaintiff, defendants violated the Industrial Code of the State of New York, 12 N.Y.C.R.R. §23-2.1(a)(2).

48. By failing to properly arrange and secure the hanging scaffolding from which the brick/cinder block may have fallen, defendants violated the Industrial Code of the State of New York, 12 N.Y.C.R.R. §23-5.7(d) and (e), and the Federal Occupational Health and Safety Act, 29 C.F.R. 1926.451.

49. By reason of the foregoing, defendants violated Section 241(6) of the Labor Law of the State of New York.

50. As a result, plaintiff has been damaged in a sum, exceeding $75,000, exclusive of costs and interest, and to be determined at trial.

## FIFTH CAUSE OF ACTION

51. Plaintiff repeats each and every allegation contained in the First, Second, Third and Fourth Causes of Action with the same force and effect as though herein set forth at length.

52. On or about November 27, 2007, there existed in full force and effect, within the State of New York, Rule 23 of the Industrial Code of the State of New York.

53. By reason of the foregoing, defendants violated multiple sections of Rule 23, including 23-1.7(a)(1), 201 (a)(2),

and 5.7(d) and (e).

54. As a result, plaintiff has been damaged in a sum exceeding $75,000, exclusive of costs and interest, and to be determined at trial.

WHEREFORE, plaintiff demands judgment against the defendants in each of the five causes of action above in amounts exceeding $75,000, exclusive of costs and interest, plus costs and interest.

Dated:   June 16, 2008
         New York, New York

                          BARASCH McGARRY SALZMAN & PENSON
                          Attorneys for Plaintiff


                          By: _____
                              Dominique Penson (DP 3306)
                          11 Park Place, Suite 1801
                          New York, New York  10007
                          (212) 385-8000